**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-80802-CIV-CANNON/McCabe**

SUFFOLK CONSTRUCTION COMPANY, INC.,

        Plaintiff,

v.

DMBH RESIDENTIAL INVESTMENT LLC and
DMBH RESIDENTIAL INVESTMENT JV LLC,

        Defendants.
_____/

**SECOND AMENDED JOINT PRE-TRIAL STIPULATION**

Pursuant to the Court's September 26, 2024, Order [ECF No. 34], the parties file their Joint Pre-Trial Stipulation pursuant to Local Rule 16.1(e) as follows:

**(1)   A short concise statement of the case by each party in the action.**

**(a) Suffolk:**

This is a breach-of-contract case between Plaintiff, Suffolk Construction Company, Inc. ("Suffolk"), the general contractor, and Defendants, DMBH Residential Investment LLC ("DMBH") and DMBH Residential Investment JV LLC ("DMBH JV"), the developer/owner, concerning the construction of a residential high-rise building in Palm Beach Gardens, the PGA Waterfront Project ("Project"). *See* Pl's. Second Am. Compl. ¶ 10.  Suffolk entered into two contracts with DMBH: (1) a Preconstruction Services Agreement ("PCA"); and (2) an Early Work Agreement ("EWA"). *See* Pl's. Second Am. Compl. ¶¶ 10-12. The two contracts called for Suffolk to perform some early site work on the Project and preconstruction services including but not limited to obtaining bids and pricing, with the desire to enter into a later guaranteed maximum price contract ("GMP") for the project. *See* PCA [ECF No. 30-1], EWA [ECF No. 30-2] The

preconstruction contracts were meant to precede a more extensive "prime" or "GMP" contract, whereby Suffolk would complete the vertical construction work on the Project for DMBH. *See* Pl's. Resp. in Opp'n to Defs.' Renewed and Am. Mot. For Summ. J. on Second Am. Compl., ECF No. 86, p. 5-7.

In this case however, following the execution of the PCA and EWA, and after a substantial amount of preconstruction work necessary to enter into a GMP had been performed, DMBH chose not to use Suffolk as the prime general contractor, and instead chose another contractor, "Seawood Builders." *See* Order on DE 60, ECF No. 73, p. 2.

On February 23, 2024, DMBH sent a Stop Work Order to Suffolk, instructing Suffolk to stop all pending work on the PCA and EWA, and informing Suffolk they intended to "properly closeout the [PCA] and make final payment under the now completed [EWA]." (ECF No. 86-9). However, only partial payment was made after the Stop Work Order.

On March 11, 2024, Suffolk transmitted to Daniel Catalfumo Suffolk's February 2024 Payment Application, PCO #13, and PCCO #06, requesting payment of the sums at issue in this case. *See* Plaintiff's Ex. 45.

DMBH breached the PCA (Count I) by failing to pay Suffolk for certain sums due under the PCA, which were directed by DMBH to be billed under the EWA and was later assured by DMBH to be included in the GMP. *See* Kennedy Decl., ECF No. 86-2, ¶¶ 4-5; Skubal Decl., ECF No. 86-1, ¶ 17. These sums included compensation for additional and extended preconstruction services. *See* Skubal Decl., ECF No. 86-1, ¶ 20. These costs include the work that Suffolk performed in anticipation of entering into a GMP, a separate contracting vehicle by which it would be paid. The work required finalizing and issuing 48 notices to award subcontracts or "NTAs," many of which were utilized by DMBH and their replacement contractor, Seawood. *See* Skubal

Decl., ECF No. 86-1, ¶ 16.[1] The sum due to Suffolk pursuant to the Preconstruction Agreement, Section 3, for unpaid Monthly Fees, General Conditions, General Requirements, and Direct Expenses is $2,277,601.00 plus interest.

DMBH's breaches include delaying the completion of the performance of preconstruction services and the failure and refusal to pay the costs submitted to DMBH JV in the form of a document labelled PCCO #6 for Suffolk's compensation pursuant to the Preconstruction Agreement, Section 3, for the extended and additional preconstruction services. Defendants object to the foregoing paragraph on the basis that it is unpled.

### (b) DMBH JV

Suffolk entered into a Preconstruction Services Agreement (the "PCA") with DMBH JV, in which Suffolk agreed to perform certain preconstruction activities (*e.g.* preparing bids and estimates) on the Project in exchange for payment of certain fixed fees and preauthorized third-party expenses. *See* Pl's. Second Am. Compl. [ECF No. 30], ¶ 10; Preconstruction Contract [ECF No. 30-1]. PCA [ECF No. 30-1], p. 4 at § 3.

The sole basis alleged by Suffolk in its claim against DMBH JV for breach of the PCA is that DMBH JV failed and refused to promptly pay Suffolk all sums due and owing thereunder. *See* Second Am. Compl. [ECF No. 30], ¶ 18. However, in May 2024 Suffolk furnished accounting business records to DMBH JV confirming that DMBH JV paid all sums due under the PCA. *See* Def. Ex. 33, at 246. Suffolk never delivered an invoice or proposed change order to DMBH JV demanding or otherwise requesting further payment under the PCA.

In reliance on Suffolk's business records, DMBH JV paid Suffolk all sums due and owing

---

[1] Defendants object to references, citations, or arguments relating to Seawood Builders because the replacement contractor is not relevant to Suffolk's entitlement to payment under the terms of the PCA or the EWA. Further, Defendants object to Suffolk's references, citations, or arguments relating to "additional and extended" services because these allegations are not contained in the pleadings.

under the terms of the PCA, and disputes that Suffolk is entitled to any further payment under the PCA.

**(2)** **The basis of federal jurisdiction.**

This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship, and because the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under principles of pendent jurisdiction.

Suffolk is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

DMBH JV is a Delaware limited liability company organized under the laws of the State of Delaware, with a place of business at 4001 Design Center Drive, Suite 110, Palm Beach Gardens, FL 33410. The parent company of DMBH Residential Investment JV LLC is DMBH Residential Investment JV II LLC, and no publicly held corporation owns more than 10% of its stock.

**(3)** **The pleadings raise the issues.**

    a) Plaintiff's Second Amended Complaint

    b) Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint

**(4)** **A list of all undisposed of motions or other matters requiring action by the Court.**

    a) Suffolk's Motion for Reconsideration of July 17, 2025 Order [ECF No. 130].

**(5)** **A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

    a) On or about March 16, 2022, DMBH JV and Suffolk entered into the Preconstruction Contract [ECF No. 30-1].

    b) On or about April 21, 2023, Suffolk and DMBH entered into the Early Works Contract [ECF No. 30-2].

    c) DMBH and Suffolk executed five (5) change orders to the EWA.

**(6) A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

    a) Whether DMBH JV breached the PCA by failing to pay Suffolk all sums due and owing under the PCA, and if so, how much remains to be paid?

Plaintiff maintains the following are issues to be tried, Defendants disagree and object on the basis that Plaintiff attempts to introduce unpled matters.

    b) Whether Suffolk was entitled to be paid sums for extended and additional work beyond the amounts due under the Preconstruction Contract and the Early Works Contract.
    c) Whether all sums due and owing includes sums for extended and additional work which defendants failed to pay;
    d) Whether defendants' delays, and multiple design revisions, extended Suffolk's time and cost of performance;
    e) Whether the Stop Work Order acknowledged that Suffolk Would be Paid for Extended Preconstruction Services; and
    f) Whether Suffolk's extended and increased preconstruction services were completed.
    g) An executed change order is not a condition precedent to Suffolk's entitlement to extended and additional preconstruction services.

**(7) A concise statement of issues of law on which there is agreement.**

    a) The PCA is a valid contract between Suffolk and DMBH JV.
    b) The EWA is a valid contract between Suffolk and DMBH.
    c) Elements of breach of contract.

**(8) A concise statement of issues of law which remain for determination by the Court.**

    a) Whether Suffolk's expert can testify;
    b) Whether Defendants' contract and dealings with Seawood Builders is relevant to the claims and defenses raised in this case, as framed by the pleadings.

**(9)** Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection. In noting the basis for objections, the following codes should be used:

  A–Authenticity

  I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)

  R–Relevancy

  H–Hearsay

  UP–Unduly prejudicial-probative value outweighed by undue prejudice

  P–Privileged

  Counsel may agree on any other abbreviations for objections, and shall identify such codes in the exhibit listing them.

  **Attached as a separate document.**

(10) Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

  **Attached as a separate document.**

  1) Daniel Catalfumo – Expect to Present

   c/o Daniel A. Thomas, Esq. and Ryan A. Weiss, Esq. Taft Law

   525 Okeechobee Blvd., Ste. 900

   West Palm Beach, Florida 33401

  2) Daniel Zorilla – Expert – Expect to Preset

   c/o Daniel A. Thomas, Esq. and Ryan A. Weiss, Esq. Taft Law

   525 Okeechobee Blvd., Ste. 900

   West Palm Beach, Florida 33401

  3) Christopher Kennedy – Expect to Present

   c/o Michael Hornreich, Esq. Weinberg, Wheeler, Hudgins, Gunn & Dial

   255 South Orange Ave., Ste. 1260

   Orlando, Florida 32801

4) Leonard Skubal - Expect to Present

   c/o Michael Hornreich, Esq. Weinberg, Wheeler, Hudgins, Gunn & Dial

   255 South Orange Ave., Ste. 1260

   Orlando, Florida 32801

5) William McConnell – Expert – Expect to Present

   c/o Michael Hornreich, Esq. Weinberg, Wheeler, Hudgins, Gunn & Dial

   255 South Orange Ave., Ste. 1260

   Orlando, Florida 32801

6) George Adornato – Expect to Present

   c/o Michael Hornreich, Esq. Weinberg, Wheeler, Hudgins, Gunn & Dial

   255 South Orange Ave., Ste. 1260

   Orlando, Florida 32801

7) Daniel Larche – Expect to Present

   c/o Michael Hornreich, Esq. Weinberg, Wheeler, Hudgins, Gunn & Dial

   255 South Orange Ave., Ste. 1260

   Orlando, Florida 32801

Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated. Impeachment witnesses need not be listed. Expert witnesses shall be so designated.

1) Daniel Catalfumo
2) Calvin Douglas Parry
3) Christopher Kennedy
4) Leonard Skubal
5) Daniel Zorilla – Expert
6) William McConnell – Expert
7) Anthony Fiorito

7

8) Barry Darius

9) Farshad Rouhani

10) Jakki Mitchell

11) Barbie Bostwick

12) William Andrews

13) Ashley Hendrawan

Use and admissibility of the above depositions are subject to the requirements of the Federal Rules of Civil Procedure and Evidence.

(11) Estimated trial time.  3-4 days.

(12) Where attorneys' fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.

Dated: July 25, 2025.

*/s/    Michael A. Hornreich*
Michael A. Hornreich (FBN 379972)
Jessica Burns (FBN 1010376)
Benjamin W. Carbone (FBN 1058947)
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL**
255 South Orange Avenue, Suite 1260
Orlando, FL 32801
(T) 407.734.7000; (F) 407.930.9180
Email: mhornreich@wwhgd.com
          jburns@wwhgd.com
          bcarbone@wwhgd.com
*Co-Counsel for Suffolk Construction Company, Inc.*

*/s/ Daniel A. Thomas*
DANIEL A. THOMAS (FBN 168262)
ROY E. FITZGERALD (FBN 856540)
RYAN A. WEISS (FBN 1014870)
**TAFT STETTINIUS & HOLLISTER LLP**
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401-5945
(T) 561-655-2250; (F) 561.566.5537
Email: daniel.thomas@taftlaw.com
          rfitzgerald@taftlaw.com
          rweiss@taftlaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 25, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

>  */s/     Michael A. Hornreich*
>  Michael A. Hornreich (FBN 379972)